UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

ROGER L. LYLES,

        Petitioner,                  Case No. 1:23-cv-1183

v.                                         Honorable Ray Kent

MELINDA BRAMAN,

        Respondent.
_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action filed by a state prisoner under 28 U.S.C. § 2254. Petitioner is incarcerated with the Michigan Department of Corrections at the Richard A. Handlon Correctional Facility in Ionia, Ionia County, Michigan. This is not Petitioner's first habeas corpus action challenging his convictions for first-degree murder and assault with intent to commit murder. Petitioner's first petition was dismissed without prejudice on exhaustion grounds. *Lyle v. Foltz*, No. 2:86-cv-74289 (E.D. Mich. May 29, 1987). Petitioner's second habeas petition was denied on the merits, *Lyle v. Jabe*, No. 2:89-cv-71785 (E.D. Mich. Apr. 20, 1990), and Petitioner's third petition was denied as an abuse of the writ, *Lyle v. Burke*, No. 2:96-cv-70653 (E.D. Mich. Mar. 27, 1997). Thereafter, the United States Court of Appeals for the Sixth Circuit denied Petitioner leave to file a successive habeas petition on three occasions. *See Lyles v. Horton*, No. 20 1562, slip order at 2 (6th Cir. Nov. 30, 2020) (summarizing Petitioner's prior attempts to obtain habeas relief).

Petitioner's current petition is subject to the "second or successive" provision of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214. 28 U.S.C.

§ 2244(b); *see also Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15–17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132–33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46 (1998). Both dismissals on the merits and certain types of decisions reached before a merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal on the basis of the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)."). At least one of Petitioner's previous habeas petitions was denied on the merits. Petitioner's current petition is, therefore, subject to the "second or successive" provision of 28 U.S.C. § 2244(b). *See, e.g., Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007).

Before a second or successive application may be filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001) (discussing that a circuit court may authorize the petition upon a *prima facie* showing that the claim satisfies § 2244(b)(2); to survive dismissal in the district court, the application must actually show the statutory standard). Petitioner did not seek the approval of the United States Court of Appeals for the Sixth Circuit before filing this petition. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly,

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


Dated:   November 17, 2023                         /s/ Ray Kent
                                                   Ray Kent
                                                   United States Magistrate Judge